UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC. | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| | ) |
| v. | )   Civil Action No. __1:22-CV-116-GNS__ |
| | ) |
| FRANCES L. JOHNSON GRAHAM | ) |
| 68 Fox Run Way | ) |
| Bowling Green, KY 42104 | ) |
| | ) |
| and | ) |

JOYCE M. JOHNSON FAIN
4513 Palermo Lane
Lexington, KY 40299

and

Unknown Heirs of Charles Rhea Johnson

and

Unknown heirs of Clarence O'Neal
Johnson

and

Unknown Heirs of Annie E. Johnson
Northington

and

Unknown Heirs of Vivian A. Johnson
Glass

and

Unknown Heirs of Dorothy J. Johnson
Shanklin

   DEFENDANTS

**VERIFIED COMPLAINT**
**FOR INJUNCTIVE RELIEF**

**\*\*\*\*\*\*\***

Comes the Plaintiff, CSX Transportation, Inc. (referred to herein as "CSXT"), by counsel, and files its Complaint against the Defendants identified above and herein. CSXT alleges as follows:

**NATURE OF THE CASE AND FACTUAL ALLEGATIONS**

1.    The Defendants are the collective owners of property located at 412 Seventh Street, Trenton, Kentucky (the "Defendants' Property"), having inherited the property by or through their common ancestor Willette Ward Johnson, as reflected in the attached Affidavit of Descent, recorded in Todd County Deed Book 217 Page 566 (attached hereto as **Exhibit A**). The Defendants' Property lies adjacent to a parcel of property owned by W. F. Ware Company, Inc. ("Ware") and utilized for Ware's business operations.

2.    Along the Defendants' Property and Ware's adjacent property runs CSXT's right-of-way originally granted pursuant to 1837 Ky. Acts, Chapter 231, Section 35. The Kentucky legislature authorized a grant to the railroad company of "the land upon which the [rail]road or any part of its branches may be constructed, together with a space of one hundred feet on each side of centre of said road." *Id*. The right-of-way established by CSXT's predecessor-in-interest consists of the land to the extent of fifty feet on either side of the center of CSXT's mainline track. See Survey, attached hereto as **Exhibit B**.

3.    Ware and CSXT are parties to a Private Sidetrack Agreement dated May 31, 2002 (attached hereto as **Exhibit C**), pursuant to which an industrial side track was constructed within CSXT's right-of-way along Ware's property and along a portion of the Defendants'

2

Property. Ware and CSXT now desire to extend the construction of the side track to continue within CSXT's right-of-way and adjacent to the Defendants' Property.

4.      Defendants, on their own behalf or through their authorized agents, have communicated to Ware and CSXT's representatives that they believe the planned side track extension construction would encroach upon the Defendant's Property. In 2017, Defendant Frances Graham, in her capacity as administratrix of the Estate of Willette Ward Johnson, brought a state court action against Ware in the Todd Circuit Court, Case No. 17-CI-00051, apparently alleging trespass and nuisance arising from the side track construction (the "2107 Action"). Ware filed a Motion to Dismiss on May 23, 2017 (attached hereto as **Exhibit D**), and the 2017 Action was dismissed by order of the Court on August 2, 2017 (see docket attached hereto as **Exhibit E**).

5.      Defendants, on their own behalf or through their authorized agents, have constructed barricade fencing on CSXT's right-of-way which interferes with the planned side track extension construction. Defendants, on their own behalf or through their authorized agents, have refused to remove the barricades.

6.      By letter dated April 2, 2022, the undersigned counsel for CSXT wrote to Defendant Frances Graham demanding removal of the barricade fencing. See letter, attached hereto as **Exhibit F**. Neither the undersigned nor CSXT have received any response.

7.      CSXT and Ware need to conduct the side track extension construction on CSXT's right-of-way, which has been rendered impossible as a result of the Defendants' trespass on CSXT's right-of-way and refusal to remove the barricade fencing.

8.      Accordingly, the Plaintiff requests this Court grant injunctive relief in the form of an order directing the Defendants to remove the barricade fencing from CSXT's right-of-

3

way and not to further interfere in any way in CSXT's construction of the planned side track extension.

## PARTIES

9.     At all times relevant herein, Plaintiff CSXT is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 500 Water Street, Jacksonville, Duval County, Florida 32202.

10.     CSXT is one of the largest railroad transportation companies in the United States and provides rail-based transportation services across the Eastern United States.

11.     CSXT is the owner of extensive real property holdings in and through the Commonwealth of Kentucky, including property located in the City of Trenton, Todd County, Kentucky which involves the right-of-way running adjacent to the Defendants' Property at issue in this matter (the "Railroad Property").

12.     CSXT and its predecessor railroads have used the Railroad Property as an active railroad corridor engaged in interstate commerce and passenger transportation.

13.     The Defendant, Frances L. Johnson Graham, is an individual residing in Bowling Green, Kentucky, and is an owner of an interest in the Defendants' Property.

14.     The Defendant, Joyce M. Johnson Fain, is an individual residing in Lexington, Kentucky, and is an owner of an interest in the Defendants' Property.

15.     The remaining Defendants are the unknown heirs of Charles Rhea Johnson, Clarence O'Neal Johnson, Annie E. Johnson Northington, Vivian A. Johnson Glass and Dorothy J. Johnson Shanklin, each of whom is the successor in interest of a share of their respective ancestor's interest in the Defendants' Property, per the Affidavit of Descent attached

as Exhibit A.  Their identities and whereabouts are not known, and a Warning Order Attorney should be appointed and a warning order issued against them.

## JURISDICTION AND VENUE

16.    In 1995, the United States Congress enacted the Interstate Commerce Commission Termination Act ("ICCTA"), which expressly preempted state laws regulating rail transportation.  49 U.S.C. § 10501(b) ("Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law").  49 USC §10501(b) states "The jurisdiction of the Board over… (2) the construction… of spur, industrial, team, switching or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive."  49 USC §11704 confers a federal cause of action upon parties injured by practices under the jurisdiction of the Board.

17.    This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because the issues involved in this action arise under federal law, specifically the application of ICCTA preemption and the exclusive jurisdiction provision of 49 USC §10501.  This Court also has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

18.    Jurisdiction is proper over the Defendants because the Defendants' Property is located in Todd County, Kentucky.

19.    Venue is proper in this district pursuant to 28 U.S.C. §1391 because the events giving rise to CSXT's claims occurred within the Western District of Kentucky, and the

Railroad Property and the Defendants' Property that is the subject of this action is situated in this judicial district.

<u>**COUNT I**</u><br>**QUIET TITLE AND EJECTMENT**

20.    CSXT incorporates by reference each and every allegation set out above as if set out herein and in full.

21.    CSXT is the fee simple owner of and is in legal possession of the Railroad Property.

22.    The Defendants, by or through their agents or representatives, have asserted that the boundary of the Defendants' Property extends into an encompasses a portion of the Railroad Property.

23.    The Defendants' Property does not and never has encompassed any portion of the Railroad Property, and the Defendants do not and never have held actual possession of any of the Railroad Property.

24.    The Defendants have no title or right of possession to any portion of the Railroad Property and have entered upon the Railroad Property without legal right.

25.    CSXT asks that this Court quiet its title, declare that the Defendants have no right to any portion of the Railroad Property, and order that the Defendants remove their fencing from the Railroad Property.

<u>**COUNT II**</u><br>**INTENTIONAL AND NEGLIGENT TRESPASS**

26.    CSXT incorporates by reference each and every allegation set out above as if set out herein and in full.

6

27.     Defendants, on their own behalf or through their authorized agents, have erected barricade fencing that encroaches and trespasses upon the Railroad Property.

28.     Defendants, on their own behalf or through their authorized agents, were aware of the encroachment and willfully have continued to maintain the barricade fencing which encroaches upon the Railroad Property.

29.     Defendants' encroachment interferes with CSXT's use of the Railroad Property, and Defendants are liable to CSXT for the said intentional trespass.

30.     Additionally, or in the alternative, Defendants had a duty of care to CSXT to respect the property boundary between the Defendants' Property and the Railroad Property, and breached that duty when they, on their own behalf or through their authorized agents, erected barricade fencing that encroaches and trespasses upon the Railroad Property.  CSXT's property has been injured by the said encroachment, and Defendants are liable to CSXT for the said negligent trespass.

**COUNT II**
**TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

31.     CSXT incorporates by reference each and every allegation set out above as if set out herein and in full.

32.     CSXT is the fee simple owner of the Railroad Property.

33.     The Defendants have no right or interest in the Railroad Property by agreement or otherwise.

34.     CSXT's railroad operation requires construction of an extension of the side track on the Railroad Property.

35.     The barricade fencing constructed by the Defendants interferes with the construction of the side track extension.

36.     The Defendants have refused, and to date have failed, to remove the barricade fencing.

37.     The Defendants are without any legitimate legal authority to interfere with the construction of the side track extension.

38.     If the Defendants are permitted to continue to interfere with the construction of the side track extension, CSXT will face irreparable harm in that the inability to construct the side track will substantially interfere with CSXT's ongoing railroad operations along the Railroad Property.

39.     Additionally, if the Defendants are permitted to continue to interfere with the construction of the side track extension, CSXT will face irreparable harm in that the inability to construct the side track will substantially interfere with CSXT's performance of its contractual obligations under the Private Sidetrack Agreement, which are also a part of CSXT's ongoing railroad operations.

40.     Accordingly, CSXT is entitled to preliminary injunctive relief ordering and enjoining the Defendants to remove the barricade fencing and to refrain from any further activities which would interfere with CSXT's railroad operations pending the conducting of these proceedings.

41.     Furthermore, upon conclusion of these proceedings, CSXT is entitled to injunctive relief permanently ordering and enjoining the Defendants to remove the barricade fencing and to refrain from any further activities which would interfere with CSXT's railroad operations pending the conducting of these proceedings.

42.    The issuance of the preliminary and permanent injunction requested herein would not cause any harm to others, and the public interest would be served by issuance of the injunctions.

WHEREFORE, having stated its claims against the Defendants, CSXT respectfully requests and prays for the following relief from the Court:

A.    That title be quieted and all rights of the parties to this action with respect to the Railroad Property be adjudicated and that Defendants be barred and enjoined from asserting any claim or title to the Railroad Property;

B.    Judgment in CSXT's favor on all counts herein and an award of damages of an appropriate compensatory amount;

C.    Costs and attorney's fees to the extent allowed by law;

D.    Equitable relief in the form of preliminary injunction requiring that the Defendants during the pendency of these proceedings remove the barricade fencing and refrain from any action to interfere with the construction of the sidetrack extension or which would otherwise interfere with CSXT's railroad operations;

E.    Equitable relief in the form of a permanent injunction requiring that the Defendants during the pendency of these proceedings remove the barricade fencing and refrain from any action to interfere with the construction of the sidetrack extension or otherwise interfere with CSXT's railroad operations;

F.    That the Court appoint a warning order attorney and issue a warning order for service on the said unknown Defendants; and

G.    All other relief which this Court deems just and proper under the circumstances.

Dated this 1st day of September, 2022

Respectfully submitted,

BOEHL STOPHER & GRAVES, LLP


*/s/ Rod D. Payne*
Rod D. Payne
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone:  (502) 589-5980
Fax:  (502) 561-9400
rdpayne@bsg-law.com
COUNSEL FOR PLAINTIFF,
CSX TRANSPORTATION, INC.

10

## VERIFICATION

I, Walker E. Brazell, being first duly sworn and cautioned, state:

1.      That I am a Real Estate Analyst responsible for the Kentucky area in the Property Management division of CSX Transportation Inc., the Plaintiff in the above-captioned case, filed in the United States District Court for the Western District of Kentucky, Bowling Green Division.

2.      That I have read the above-captioned Complaint, and that the statements of fact set forth in it are true and correct to the best of my knowledge.

3.      Further affiant sayeth naught.

_____
Walker E. Brazell

STATE OF **Florida**           )
                                )   :ss
COUNTY OF **Duval**            )

BEFORE ME, a Notary Public in and for said County and State, appeared the above-named Waler E. Brazell who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal on this **25** day of **August**_____, 2022.

_____
Notary Public

My Commission expires: **12-1-2023**





ANDREA RHAMES
MY COMMISSION # GG935791
EXPIRES December 01, 2023